JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OMAR BURNS,                                                   )   13 CV 0920
                                                              )   COMPLAINT
                              Plaintiff,                      )
                                                              )   JURY TRIAL DEMANDED
         -against-                                            )
                                                              )
THE CITY OF NEW YORK; POLICE OFFICER                          )
SASHA DIAZ, Shield No. 14974; POLICE                          )
LIEUTENANT STEVEN WEISS; JOHN DOES;                           )
RICHARD ROES,                                                 )
                                                              )           FEB 07 2013
                              Defendants.                     )
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff OMAR BURNS seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff is filing on this date in New York State Supreme Court, Kings County, an application to file a late Notice of Claim concerning his state law claim for malicious prosecution.

## PARTIES

7. Plaintiff OMAR BURNS is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Kings. Plaintiff OMAR BURNS is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services

provided by the New York City Police Department.

9.  Defendants POLICE OFFICER SASHA DIAZ, Shield No. 14974; POLICE LIEUTENANT STEVEN WEISS; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER SASHA DIAZ, Shield No. 14974; POLICE LIEUTENANT STEVEN WEISS; and JOHN DOES are sued individually.

10. Defendants LIEUTENANT STEVEN WEISS and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duties. Defendants LIEUTENANT STEVEN WEISS and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On or about July 4, 2010, Plaintiff was at a party at or around 1580 President Street, Brooklyn New York.

12. Plaintiff was arrested by Defendants POLICE OFFICER DIAZ, and her supervisor POLICE LIEUTENANT WEISS, for the supposed possession of a loaded gun.

13. Plaintiff never possessed a gun at any time on July 4, 2010.

14. The allegations by POLICE OFFICER DIAZ and POLICE LIEUTENANT WEISS, that Plaintiff possessed a gun, are lies.

15. POLICE OFFICER DIAZ and POLICE LIEUTENANT WEISS fabricated evidence against Plaintiff, including a property voucher that attributed a gun to Plaintiff, and initiated a prosecution against Plaintiff.

16. Bail was set in the amount of $5,000.00, which Plaintiff was unable to raise.

17. Plaintiff was in custody for 32 days until he was able to raise bail, and be released on bail.

18. Plaintiff was prosecuted and charged with Criminal Possession of a Weapon in the Second Degree (a felony), Criminal Possession of a Weapon in the Fourth Degree (a felony), and Unlawful Possession of Marijuana (a violation).

19. On November 9, 2011 both of the felony charges against Plaintiff, concerning Criminal Possession of a Weapon, were dismissed after a jury trial.

20. Plaintiff was, however, convicted of the violation, Unlawful Possession of Marijuana, and sentenced to pay a fine of $100.

21. If POLICE OFFICER DIAZ and POLICE LIEUTENANT WEISS had not falsely claimed that Plaintiff possessed a gun, and fabricated evidence against Plaintiff concerning same, Plaintiff would not have had bail set in the amount of $5,000.00, and would not have spent 32 days in jail.

22. If POLICE OFFICER DIAZ and POLICE LIEUTENANT WEISS had not falsely claimed that Plaintiff possessed a gun, and fabricated evidence against Plaintiff concerning same, Plaintiff also would not have had to endure being subject to a felony gun possession prosecution until November 9, 2011.

23. POLICE OFFICER DIAZ and POLICE LIEUTENANT WEISS knew that Plaintiff had not possessed a gun, and wrongfully pursued Plaintiff's prosecution.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

24. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. By their conduct and actions in falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account and /or evidence surrounding the July 4, 2010 incident regarding, plaintiff, defendants DIAZ, WEISS, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of

plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

26.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

27.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers WEISS and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

29.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

30.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional, dishonest and overly aggressive stops, frisks, and arrests which are implemented disproportionately upon young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the

unconstitutional conduct alleged herein.

35. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

36. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

38. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

39. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          February 7, 2013

                                            _____
                                            JEFFREY A. ROTHMAN, Esq.
                                            315 Broadway, Suite 200
                                            New York, New York 10007
                                            (212) 227-2980
                                            Attorney for Plaintiff